Sherita **BIVENS**, Petitioner–Appellant,

v.

Susan **POOLE**, Chino Corona Correctional Institution for Women; et al., Respondents–Appellees.

No. 05–56356.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Kenneth N. Hamilton, Esq., The McMillan Law Firm, La Mesa, CA, for Petitioner–Appellant.

Office of Attorney General, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

R.App. P. 34(a)(2).

[black redaction bars]

Before ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

### MEMORANDUM **

California state prisoner Sherita Bivens appeals pro se from the district court's order dismissing her 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bivens contends that her due process rights were violated because the trial court's participation in the plea negotiation process rendered her guilty plea involuntary. We see no evidence of judicial participation in the plea bargaining process. We also agree with the district court that there is no clearly established federal law, as determined by the Supreme Court of the United States, prohibiting a state court's participation in plea negotiations. *See Carey v. Musladin*, 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). The trial court's advisement, during the plea colloquy, concerning the potential sentence Bivens faced did not render her guilty plea unknowing or involuntary. *See Brady v. United States*, 397 U.S. 742, 749–50, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Accordingly, the state court's decision rejecting Bivens's claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

Bivens's motion to expand the certificate of appealability is denied. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood*, 195

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1098, 1104 (9th Cir.1999) (per curiam).

**AFFIRMED.**